545 P.2d 1370 (1975)
Wayne BALL et al., Plaintiffs-Appellants,
v.
WELD COUNTY SCHOOL DISTRICT NO. RE-3J et al., Defendants-Appellees.
No. 74-463.
Colorado Court of Appeals, Div. I.
September 30, 1975.
Rehearing Denied October 30, 1975.
Certiorari Denied March 8, 1976.
*1371 Hobbs & Waldbaum, William E. Brayshaw, Denver, for plaintiffs-appellants.
Caplan & Earnest, Gerald A. Caplan, Boulder, Reese Miller, Denver, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Plaintiffs, all of whom are teachers in Weld County School District No. Re-3(J), appeal from a judgment of the trial court in favor of defendants, the School District and its Directors, in which the court refused to grant an injunction or to order the payment of damages. Plaintiffs assert two bases for reversal, namely: That the decision is not supported by the evidence; and that the teachers are not barred by laches or estoppel from bringing suit. We affirm.
Some background information will illuminate the dispute. Each year the Board of Education adopts a salary schedule for the following academic year. The schedule regulates salaries of all teachers employed by the Weld County Re-3(J) School District.
Prior to the academic year 1970-1971, individual teacher's salaries were established on a salary schedule by computing four basic elements: (1) Basethe amount paid to a beginning teacher with a bachelor's degree and no previous experience, to which additional salary benefits were added. (2) Incrementsan amount fixed and paid yearly for each additional year of experience within the school district. Double increments were earned when a teacher acquired tenure and when teachers holding master's degrees reached their seventh year of employment. (3) Outside experiencethe base salary of a new teacher was adjusted upwards to take into account some years of experience obtained outside the district immediately prior to employment. (4) Maximum salary A ceiling set on the earnings of any new teacher for the year in which he was hired.
Before 1968-1969, credits for outside experience were granted according to the following provision of the prior salary schedule:
"Credit at $100 per year for a total of three years experience in other school systems may be added to the basic salary for teachers coming into Weld County School District RE-3J provided that experience has been within the ten years immediately preceding employment...."
In 1968-1969, this provision was changed to raise the maximum allowable credit for outside experience to five years. The revised provision, however, contained the following restriction: "[T]he five year allowance will not be retroactive." The 1970-1971 schedule was further changed. The term "steps" was substituted for "yearly increments." The difference in salary between each step was $200 as compared with the former differential between increments of $150. Since credit for outside experience and the amount of double increments were now to be computed in terms of steps, this change brought about a lack of uniformity between the salaries of incoming and tenured teachers. The provision dealing with credit for outside experience was changed to accommodate the new terminology:
"Full credit, up to a maximum of five years, may be allowed for experience outside the district providing that experience has been within the ten years immediately preceding employment in Weld County School District Re-3(J). New teachers will be placed on the corresponding step on the salary schedule." (emphasis added)
The policies of the Board with respect to credit for outside experience and double increments have remained unchanged since the adoption of the 1970-1971 schedule.
*1372 Each plaintiff signed a contract for each year of his employment pursuant to the terms of the schedule in effect for that year and was paid accordingly. Plaintiffs filed a letter of complaint with the district administration concerning their salaries in May of 1972. Several plaintiffs appeared at a Board of Education meeting in June of 1972 to voice the same complaints. Suit was commenced in April of 1973.
At trial, plaintiffs challenged the authority of the Board to increase an increment in any one year, without making it applicable retroactively and cumulatively to teachers who had received a double increment during any year when the amount was less. Similarly, plaintiffs asserted that the action of the Board in increasing the recognition of years of experience outside the district for new teachers then being employed must likewise be made retroactively and cumulatively applicable to teachers employed pursuant to an earlier and different salary schedule. The damages demanded for salary lost up to the date the action was filed totaled $58,600. Plaintiffs also prayed for a mandatory injunction directing defendants "to appropriately place plaintiffs on the district's single salary schedule" in order to insure increased retroactive salary figures in future years.
Following a trial to the court, it rendered judgment for defendants, finding:
THAT the School District has complied with the statutory requirement of adopting and administering a single salary schedule. The policies included in the salary schedules concerning double increments and prior experience are reasonable and are therefore enforceable as valid legislative acts. Plaintiffs have failed to establish that the Board of Education acted in a palpably unreasonable or capricious manner in meeting its statutory duty. The written contracts are binding and enforceable and Plaintiffs are estopped by the contracts from contesting the policies challenged. The Plaintiffs are guilty of laches in that they have unconscionably and unreasonably delayed the prosecution of their claim which resulted in prejudice to the rights of the Defendants.
On an underlying constitutional basis, see Colo.Const. Art. IX, sec. 15, school boards are accorded by statute the authority to employ and to fix the salaries of their employees. See § 22-32-109(1) (f), C.R.S.1973. Moreover, in exercising that authority they are vested with "considerable discretion." Big Sandy School District v. Carroll, 164 Colo. 173, 433 P.2d 325.
The challenged actions of the school district fall within the purview of this constitutional and statutory authority to exercise "considerable discretion" in employing personnel and in providing for their compensation. Salary schedules were duly adopted each year in conjunction with the adoption of the school district's budget for the following calendar year. Each schedule awarded salary credit for education, prior experience, and experience within the district. The applicable salary schedule benefits were applied to every teacher employed in the district for the duration of a particular salary schedule. Plaintiffs received the required adjustments for base salary increase as well as increments and double increments when earned during each year of employment.
In the trial court, plaintiffs challenged the authority of the Board to modify salary schedules only prospectively; however, the enabling statute is unambiguous. Pertinent parts of § 22-63-105, C.R. S.1973, provide:
"(1) ... The [teacher salary] schedule shall remain in effect until changed or modified by the board."
. . . . . .
"(4) Salary or compensation of any teacher may be changed for any succeeding year to accord with the general salary schedule adopted by the employing board. ..."
Also, the trial court found that it was the intent of the Board to make changes in *1373 the salary schedules effective prospectively only. This determination is supported by the clear language of the salary schedules, by the testimony of the school board president, and by the minutes of the relevant school board meetings. Being supported by the record, this finding is binding on this court. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
Similarly, a school district has been classified as a "quasi-municipal corporation," to which the law governing municipal corporations applies. Big Sandy School District v. Carroll, supra. Unless fraud or abuse of discretion clearly appears we will not disturb the legislative actions of legally established municipal bodies. McCray v. City of Boulder, 165 Colo. 383, 439 P.2d 350. The finding by the trial court that the actions of the school board were reasonable must therefore be sustained. Muhe v. Mitchell, 166 Colo. 108, 442 P.2d 418.
Our decision on the above issues is dispositive on the other assignments of error made by plaintiffs.
Judgment affirmed.
ENOCH and BERMAN, JJ., concur.