## No. 27891

**Department of Institutions of the State of Colorado, ex rel. S.L.G. v. Dr. Donald D. Bushnell, Dr. Marvin L. Giersch, C. G. Brasher, Jr., Robert M. Ashburn, Larry M. Bruton, Dr. Sam E. Callaway, Gino Picolli: individually and as school directors constituting the Board of Education of Durango School District No. 9-R**

(579 P.2d 1168)

Decided June 19, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Jeffrey G. Pearson, Assistant, for plaintiff-appellant.

Hamilton, Sherman, Hamilton & Shand, P.C., E. B. Hamilton, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The Department of Institutions (Department) brought this action to compel the defendant Board of Education of Durango School District No. 9-R (District) to issue a diploma to a minor who had been placed in the Department's custody. The district court entered a summary judgment in favor of the District. The district court, apparently on its own motion, determined that the statute in question, section 19-8-113(2), C.R.S. 1973, was unconstitutional by reason of a conflict with Article IX, Section 15 of the Colorado Constitution. We accepted jurisdiction of the case from the Colorado Court of Appeals by reason of the constitutional question. We affirm the summary judgment, however, without reaching the constitutional question.

The relevant facts are uncontested. At the beginning of his sophomore year, the minor, here referred to as S.L.G., transferred to Durango High School from Southwest High School in Forth Worth, Texas. Durango High School gave him credit for the 4.5 units of academic credit he had earned in Texas. He completed the first semester of his sophomore year at Durango High School. During this semester he earned 3.0 academic credits. Early in the second semester of his sophomore year, S.L.G. was adjudicated a delinquent child and committed to the custody of the Department, which placed him at the Lathrop Park Youth Camp.

While at the Camp, S.L.G. was given credit for 13.25 units of instruction. Normally, *i.e.,* in a regular high school program, it would have take S.L.G. five semesters of 90 school days each — or 450 total school days — to have completed this work. At the Camp, however, he completed it in 128 school days.

The courses at the Camp have been approved by the Colorado Department of Education. When added to his 4.5 units from Texas and his 3.0 units from Durango High School, the 13.25 units earned through the Department of Institutions gave S.L.G. a total of 20.75 units of academic credit. One of the requirements for graduation from Durango High School is a student complete 20 units of academic credit.

After completing his 13.25 units, S.L.G. requested a diploma from Durango High School. The defendant District denied this request.

The district refused to grant the diploma on the grounds that the following Durango High School requirements had not been met by S.L.G.:
"(1) To receive each academic unit of credit a student must complete 120 clock hours of classroom instruction;
"(2) to receive a diploma a student must attend a full eight semesters of instruction;
"(3) to receive a diploma from Durango High School a person must complete his final high school semester at Durango High School."
It is conceded by the Department that S.L.G. did not meet any of these three requirements.

Durango High School is a member of the North Central Association of Secondary Schools and is accredited by that association. This accreditation is an important factor in college admissions decisions. The North Central Association requires that its members impose the 120 hours requirement mentioned above. Requirements (2) and (3) above are not imposed by the North Central Association; but rather, have been adopted by resolution of the District.

■ The issue in this case is the effect of section 19-8-113(2), C.R.S. 1973. That section provides:
"The academic courses of study and vocational training and instruction given in the facilities established by section 19-8-101 and sections 19-8-106 to 19-8-108 shall include those approved by the department of

education for the instruction of pupils in the primary and secondary schools of the state. *Full credit shall be given by school districts in this state for completion of any semester, term, or year of study instruction by any child who has earned credit therefor."* (emphasis added)

The question is whether section 19-8-113(2), operates so as to waive any of the Durango High School graduation requirements listed above. We rule that it does so only with regard to (3), the requirement that the final semester be completed at Durango High School.

## I.

■ We read the statute as requiring that a school district give credit for whatever is actually completed under the auspices of the Department. However, that does not mean that the school district must give credit for something which was not actually completed. For example, if a person in the Department's facilities successfully completed a course containing 120 hours of classroom instruction in English, the school must give credit therefore. However, the mere fact that a Department facility gives one academic unit of credit for 50 hours of classroom time does not mean that the school district must treat that as the equivalent of 120 hours of instruction.

■ Similarly, the District's requirement of eight actual semesters of school attendance is not affected by section 19-8-113(2). The only requirement imposed by section 19-8-113(2) is that when a student completes an actual semester (under the District's requirements, 90 school days) a school district must give him credit therefor. We affirm by reason of failure to meet requirements (1) and (2).

## II.

■ School districts must apply their requirements with the exercise of good faith and reasonable flexibility. If, for example, a school district has 91-day semesters and the Department's facilities have semesters of only 90 days, full credit should nonetheless be given. In addition, no more onerous burden may be placed on a facilities student than on a resident student. Likewise, the school district may not impose requirements which would be impossible for a facilities student to satisfy.

This brings us to requirement (3). The impact of section 19-8-113(2) is that actual credit must be given for work performed at Department facilities. A necessary corollary is that a semester at the Department's facilities is the equivalent of a semester in the school district. This may include the *final* semester.

The defendant District states as its sole justification for its requirement that the final semester be completed at Durango High School:

"The requirement that the student complete his final semester at Durango High School before receiving a diploma from that institution certainly seems no more that appropriate. A diploma from an institution represents

that the bearer has completed his education at that institution — not that he received all of it at the institution but that he completed it there. If schools are going to be required to issue diplomas to people who attended for one or more semesters, regardless of where the education was completed, diplomas are going to be meaningless documents. Thereby, the schools will be involved in wholesale deception of the public."

The District apparently would have us believe that if a student completed his first seven semesters at Durango High School and his final semester at a Department facility, granting him a diploma from Durango High School constitutes a "wholesale deception of the public" and will make all diplomas in the state "meaningless documents."

■ The legislature, in pursuing the goals of the Children's Code, section 19-1-102, C.R.S. 1973, has chosen to make academic work at Department facilities the equivalent of work in Colorado school districts. Section 19-8-113(2), C.R.S. 1973. School districts cannot be allowed to thwart the legislature's purpose and intent by imposing arbitrary and unreasonable requirements for graduation.

Judgment affirmed.

MR. JUSTICE LEE concurs in the result.

MR. JUSTICE KELLEY does not participate.