585 P.2d 935 (1978)
Artie and Carlos GUTIERREZ, minors, by their next friends and parents, Mr. Arthur Gutierrez and Mrs. Alma Gutierrez, Plaintiffs-Appellees,
v.
SCHOOL DISTRICT R-1, Otero County, Mrs. Joy Mitchell, Mr. Ernie Mascarenas, Mrs. Lela Schauer, Mr. Herbert Schwien and Mr. Jon Kolomitz, in their official capacities as members of the Board of Education of School District R-1, Otero County, Defendants-Appellants.
No. 78-584.
Colorado Court of Appeals, Div. III.
October 12, 1978.
*936 Steve E. Alcala, La Junta, Norman Aaronson, Alamosa, Bruce Boreson, La Junta, for plaintiffs-appellees.
Ralph N. Wadleigh, La Junta, for defendants-appellants.
Caplan & Earnest, Gerald A. Caplan, Boulder, for Colorado Ass'n of School Executives amicus curiae.
VanCISE, Judge.
Based on the "attendance-tardies" policy adopted by La Junta High School and by the East Otero School District R-1 Board of Education, plaintiffs Artie and Carlos Gutierrez (the students) were denied academic credit for the fall semester of the 1977-1978 school year at La Junta High School. The students and their parents then brought this action in the district court seeking a declaratory judgment and judicial review of the order of the board of education. The court decreed that the attendance policy was contrary to state law and thus null and void insofar as the policy denied academic credit to the students for having failed to meet the attendance requirements established by that policy. It further ordered that the students be allowed academic credit for the fall semester upon completion of any remaining necessary academic requirements. The defendants (collectively the school district) appeal. We affirm.
The case was tried to the court on a stipulation of facts and issue, and on admissions in the pleadings. The issue for decision was whether the school district could lawfully promulgate and enforce the attendance-tardies policy within the scope of the rule-making authority delegated to local school boards pursuant to § 22-32-109(1)(w), C.R.S.1973 (1976 Cum.Supp.). That statute authorizes a school board:
"To adopt written policies, rules and regulations, not inconsistent with law, which may relate to the study, discipline, conduct, safety, and welfare of all pupils, or any classification of pupils, enrolled in the public schools of the school district and to adopt written procedures, not inconsistent with article 33 of this title, for the suspension and expulsion of, or denial of admission to, a pupil, which procedures shall afford due process of law to pupils, parents, and school personnel."
The attendance-tardies policy of the school district provided that a student will be denied academic credit for all classes in which more than seven "absences" occur in a semester. "The seven (7) days of absence are to accommodate such things as:
a. Personal illness.
b. Professional appointments that could not be scheduled outside the regular school day.
c. Serious personal or family problems.
d. Or any other reason."
An attendance review board is created, "to meet when requested by a student, teacher, parent, or counselor to examine the specific conditions relating to an individual case. . . . Disciplinary suspension days will be included in the total days absent." The review board "may extend the absence limit, continue the student's enrollment in the class(es) on a probationary basis, or take such action as is indicated."
During the fall semester of the 1977-78 school year, the students accumulated in excess of seven "absences." These included tardies, truancies, suspension days, and excused absences. Thereafter, after the specified administrative procedures and reviews had been completed, the school board ultimately affirmed the school administration's determination that pursuant to the school attendance policy, Artie was to be denied academic credit in all of his classes and Carlos was to be denied credit in all but one of his classes for the semester.
*937 Plaintiffs contend that the attendance policy is invalid because inconsistent with state law and that, therefore, the denials of academic credit to these students cannot stand. We agree.
Assuming, without deciding, that the School Attendance Law, § 22-33-101, et seq., C.R.S.1973, does not preclude the school district from adopting an attendance policy, any policy adopted must be consistent with that statute. Department of Institutions v. Bushnell, Colo., 579 P.2d 1168 (1978). See Traveler's Indemnity v. Barnes, Colo., 552 P.2d 300 (1976); Graham Furniture Co. v. Industrial Commission, 138 Colo. 244, 331 P.2d 507 (1958).
By § 22-33-104, C.R.S.1973, students are required to attend school for at least 172 days during the school year. Days on which a student is "temporarily ill or injured," or "has been suspended [or] expelled," are, however, counted as part of the 172 mandatory attendance days. The statute thus discloses a legislative policy that non-attendance sanctions not be imposed for these types of absences. The school district's policy, however, denies academic credit to students with more than seven absences, even if, as here, the absences are due partially to suspensions and excused absences. This is inconsistent with the statute, and is thus invalid.[1]Department of Institutions v. Bushnell, supra; Beeson v. Kiowa County School District, Colo.App., 567 P.2d 801 (1977). The denial of academic credit to the plaintiffs based on this policy was in excess of the school district's authority.
In view of this disposition, we do not address plaintiffs' procedural due process claim.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.
NOTES
[1] The issue of whether portions of § 22-33-104, C.R.S.1973, are in conflict with Colo.Const. Art. IX, Sec. 15, has not been raised on this appeal and is not determined here.