Nancy BRUCE, et al.,
Plaintiffs-Appellants,

v.

SCHOOL DISTRICT NO. 60, in the City and County of Pueblo, State of Colorado, the Board of Education For School District No. 60, and R. Michael Holmes, board member, William J. Ballas, board member, James Gutierrez, board member, JoAnna Lane, board member, and Alan M. Takaki, board member, Defendants-Appellees.

No. 83CA0470.

Colorado Court of Appeals,
Div. I.

April 26, 1984.

Rehearing Denied May 24, 1984.

Certiorari Denied Sept. 17, 1984.

Law Offices of J.E. Losavio, Jr., Herbert S. Schiff, Pueblo, for plaintiffs-appellants.

Petersen & Fonda, P.C., William F. Mattoon, Pueblo, for defendants-appellees.

BABCOCK, Judge.

Plaintiffs, taxpayers residing in and parents of children attending the public schools of District No. 60, brought suit seeking review of a decision by the Board of Education for District No. 60 (Board) to close Thatcher Elementary School (Thatcher). Plaintiffs appeal from a judgment for defendants. We affirm.

Plaintiffs' complaint asserted two claims. First, plaintiffs sought relief under C.R.C.P. 106 alleging that the decision to close Thatcher was arbitrary, capricious, and the result of an abuse of discretion. Second, plaintiffs sought a declaratory judgment that the Board's decision was rendered in closed private meetings in violation of § 22–32–108(5), C.R.S., was improperly delegated to the committees which made recommendations concerning school closures, and constituted an abuse of discretion.

The trial court dismissed the first claim, ruling that it failed to state a cause of action under C.R.C.P. 106(a)(4) because the Board's actions were not quasi-judicial in nature. In addition, the trial court struck those portions of the second claim alleging abuse of discretion by the Board in deciding on closure. The case was tried to a jury on the remaining issues.

At the close of plaintiffs' case, the trial court directed a verdict for defendants on the issue whether the Board's decision was rendered in an open meeting in compliance with § 22–32–108(5), C.R.S. At the conclusion of trial, the jury returned a verdict finding no improper delegation to have occurred.

I.

On appeal, plaintiffs first contend that the trial court erred in striking the allegations of abuse of discretion from their declaratory judgment claim. Plaintiffs concede that the decision to close Thatcher was quasi-legislative in nature, but argue that the decision is nonetheless reviewable.

In *Ball v. Weld County School District No. RE–3J*, 37 Colo.App. 16, 545 P.2d 1370 (1975), we stated that:

"[A] school district has been classified as a 'quasi-municipal corporation,' to which the law governing municipal corporations applies.... Unless fraud or abuse of discretion *clearly* appears we will not disturb the legislative actions of legally established municipal bodies." (emphasis added)

A reviewing court may determine whether a board action conflicts with the provisions of the constitution or state statutes. *See, e.g., Gutierrez v. School District R–1*, 41 Colo.App. 411, 585 P.2d 935 (1978).

However, judicial review of quasi-legislative action is more limited than that of quasi-judicial action; thus, a court may not substitute its opinion for that of a school board. *Polk v. School Board*, 373 So.2d 960 (Fla.App.1979); *Fullerton Joint Union High School District v. State Board of Education*, 32 Cal.3d 779, 187

Cal.Rptr. 398, 654 P.2d 168 (1982). It follows that a mere allegation that the weight of the evidence considered by the board supports a different decision than that reached by the board is insufficient to state a claim for relief.

 Here, the substance of plaintiffs' allegations of arbitrary and capricious action and abuse of discretion is that under the Board's express criteria, other schools within the district were better candidates for closure than Thatcher. Under the principles set forth above, these allegations were properly deleted from plaintiffs' complaint.

### II.

Plaintiffs contend next that the trial court erred in directing a verdict on the issue of violation of § 22–32–108(5), C.R.S. We disagree.

Section 22–32–108(5), C.R.S., provides that: "[A]ll regular and special meetings of the board [of education] shall be open to the public...." This provision prohibits the board from taking a perfunctory vote in a public session on an issue previously decided in closed meetings. *Bagby v. School District No. 1,* 186 Colo. 428, 528 P.2d 1299 (1974). However, it is not impermissible for a board to base its decisions on recommendations by a panel which met in closed session, provided that no final decisions were made in non-public meetings. *See Robertson v. Board of Education,* 39 Colo.App. 462, 570 P.2d 19 (1977).

Here, plaintiffs introduced evidence that the Board created an "Administrative Facilities Review Committee" (AFRC) composed of school administrators for the purpose of recommending to the Board which District 60 schools should be closed. The AFRC met in a series of closed sessions to develop criteria and assemble data relevant to school closures. The Board met with the AFRC in closed sessions to receive progress reports and final recommendations.

However, plaintiffs offered no evidence that any decision was reached by the Board prior to the March 23, 1982, public meeting at which the Board voted to close Thatcher and five other District 60 schools. The uncontradicted testimony of all the witnesses at trial showed that the Board had not reached any tentative agreement or even conducted any informal poll prior to March 23. Because plaintiffs failed to adduce any evidence that the Board reached a decision concerning the closure of Thatcher prior to the March 23 public meeting, a directed verdict on the issue of violation of § 22–32–108(5), C.R.S., was proper. *See Nettrour v. J.C. Penney Co.,* 146 Colo. 150, 360 P.2d 964 (1961); *French v. Haarhues,* 132 Colo. 261, 287 P.2d 278 (1955).

### III.

Plaintiffs' final contention is that the trial court erred in refusing to permit the amendment of the complaint at the commencement of trial to allege violation of § 29–9–101, C.R.S. Failure of plaintiffs to adduce any evidence that the Board reached a decision on closure in a non-public meeting precludes relief under § 29–9–101, C.R.S. *See Robertson v. Board of Education, supra.* Accordingly, failure to permit amendment of the complaint was, at most, harmless error.

Judgment affirmed.

ENOCH, C.J., and VAN CISE, J., concur.