WALSENBURG SAND & GRAVEL CO., INC., a Colorado corporation, and Gary Vezzani, Plaintiffs–Appellants,

v.

CITY COUNCIL OF WALSENBURG, a Colorado municipal corporation, Keven Falduto, Kirk Falduto, and Jason Falduto, Defendants–Appellees.

No. 05CA1470.

Colorado Court of Appeals, Div. I.

Feb. 22, 2007.

Lawrence J. Simons, Pueblo, Colorado, for Plaintiffs–Appellants.

Sisto J. Mazza, Trinidad, Colorado, for Defendant–Appellee City Council of Walsenburg.

Rothgerber Johnson & Lyons LLP, Justin D. Cumming, Denver, Colorado, for Defendants–Appellees Keven Falduto, Kirk Falduto, and Jason Falduto.

Opinion by Judge MÁRQUEZ.

Plaintiffs, Walsenburg Sand and Gravel Co., Inc. and its president, Gary Vezzani, appeal the trial court's judgment dismissing their claims against defendants, City Council of Walsenburg, Keven Falduto, Kirk Falduto, and Jason Falduto. We affirm in part, reverse in part, and remand.

According to the complaint, in March 2004, the city council approved an open listing arrangement with local real estate agents for the sale of 2250 acres of a ranch. The city council's asking price was $506,000. Through a broker who had entered into an

open listing contract with the City of Walsenburg, the gravel company made an offer of $510,000. The Faldutos later made an offer of $562,500 for the property, subject to certain conditions.

A regular session meeting of the city council was scheduled for April 20, 2004, at which the city council was to decide which offer to accept. Plaintiffs allege that a few minutes before the meeting, the Faldutos made a second offer of $562,500 with the contingencies removed and that the city council met in a closed meeting before the regular session meeting, discussed the Faldutos' offer, and then voted at the regular sessions meeting to accept that offer. In their Open Meetings Law (OML) claim, plaintiffs further allege that prior to the regular session meeting, the mayor had already accepted the Faldutos' second bid and that all votes taken later concerning the sale were "rubberstamping" decisions previously made at an invalid meeting.

Plaintiffs filed a complaint asserting claims for relief under C.R.C.P. 106(a)(4) and § 24–6–402(4), C.R.S.2006, of the OML. The trial court granted the city council's motions to dismiss the claims.

### I. Standard of Review

■ Motions to dismiss under C.R.C.P. 12(b)(5) are viewed with disfavor. We review a trial court's determination on a motion to dismiss de novo and, like the trial court, must accept all averments of material fact contained in the complaint as true. *Fluid Tech., Inc. v. CVJ Axles, Inc.*, 964 P.2d 614 (Colo. App.1998). All the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875 (Colo.App.2003).

■ Whether a claim is stated must be determined solely from the complaint. In passing on a motion to dismiss for failure to state a claim, the court must consider only those matters stated within the four corners of the complaint. *Kratzer v. Colo. Intergovernmental Risk Share Agency*, 18 P.3d 766 (Colo.App.2000). Matters outside the pleadings, consideration of which requires the court to convert a motion for dismissal into a

motion for summary judgment, do not include a document referred to in the complaint, notwithstanding that the document is not formally incorporated by reference or attached to the complaint. *Yadon v. Lowry*, 126 P.3d 332 (Colo.App.2005).

### II. Open Meetings Law

Plaintiffs contend that the city council held a pre-meeting before the regular session on April 20, 2004 and that the pre-meeting was in violation of the OML because they were not given notice of that meeting when the offer from the Faldutos was discussed. Defendants deny a pre-meeting occurred. We conclude that dismissal of the OML claim was error.

The purpose of the OML, as declared in § 24–6–401, C.R.S.2006, is to afford the public access to a broad range of meetings at which public business is considered; to give citizens an expanded opportunity to become fully informed on issues of public importance, *Bd. of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d 1188 (Colo.2004); and to allow citizens to participate in the *legislative* decision-making process that affects their personal interests. *Cole v. State*, 673 P.2d 345 (Colo.1983).

■ Section 24–6–402(2)(b) provides that to be subject to the requirements of the OML, a meeting must be part of the policy-making process. A meeting is part of the policy-making process when the meeting is held for the purpose of discussing or undertaking a rule, regulation, ordinance, or formal action. *Bd. of County Comm'rs v. Costilla County Conservancy Dist., supra; see Gumina v. City of Sterling*, 119 P.3d 527 (Colo.App.2004).

The OML authorizes a local public body to hold an executive session after announcing the topic for discussion in the session, including citation to the statute authorizing such a session and identification of the particular matter to be discussed. Section 24–6–402(4). At such an executive session, the local public body may consider the sale of real property. Section 24–6–402(4)(a), C.R.S.2006. However, "no adoption of any proposed policy, position, resolution, rule, regulation, or formal

action ... shall occur at any executive session that is not open to the public." Section 24–6–402(4); *see Bruce v. Sch. Dist. No. 60,* 687 P.2d 509 (Colo.App.1984); *Hudspeth v. Bd. of County Comm'rs,* 667 P.2d 775 (Colo.App.1983).

■ Here, the complaint alleges that the mayor accepted a second bid to buy and sell real estate by the Faldutos before the regular session of the city council on April 20, 2004; that the city council met in a closed meeting before the regular session to discuss the offer; and that the contract was accepted at the regular meeting.

Thus, if the facts of the complaint are taken as true, the mayor engaged in a formal action that should have occurred only in a session open to the public, and the city council acted similarly in the closed meeting. The acceptance of the offer at the regular session was merely a "rubber stamp" of the formal action taken by the mayor and city council in closed meetings before the regular meeting. We conclude such a procedure by the city council, if proved, would be a violation of the OML. *Van Alstyne v. Housing Auth.,* 985 P.2d 97 (Colo.App.1999) (approval at an open meeting of a decision to sell city owned property made at closed meeting was mere rubber stamp of the initial decision and in violation of the OML).

Because plaintiffs have alleged a violation of the OML, we further conclude the trial court erred in dismissing this claim, and that the case must be remanded for further proceedings as to this claim.

## III.  C.R.C.P. 106(a)(4)

Plaintiffs also contend that the actions by the city council were judicial or quasi-judicial and reviewable under C.R.C.P. 106(a)(4). We disagree.

C.R.C.P. 106(a)(4) provides for relief "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." *See Mariani v. Colo. Dep't of Corr.,* 956 P.2d 625 (Colo.App.1997).

■ A quasi-judicial action is generally characterized by the following factors: (1) a local or state law requiring that notice be given before the action is taken; (2) a local or state law requiring that a hearing be conducted before the action is taken; and (3) a local or state law directing that the action results from the application of prescribed criteria to the individual facts of the case. *Baldauf v. Roberts,* 37 P.3d 483 (Colo.App.2001).

■ Here, the trial court found "the action of ... the city council ... in selling a piece of real estate was not a judicial or quasi-judicial action subject to review under Rule 106."

Plaintiffs do not cite, and we have not found, any state or local law that requires the city council to apply certain criteria before selecting a buyer. Therefore, we conclude plaintiffs are not entitled to relief under C.R.C.P. 106(a)(4), and the trial court properly dismissed this claim.

## IV.  Due Process

Plaintiffs also contend that the city council's procedure in selling the property violated their right to due process. They argue that (1) the city council should have accepted the gravel company's bid because it was the first bid the city council received, (2) the city council failed to notify plaintiffs of the information in the Faldutos' contract, and (3) the city council failed to afford plaintiffs an opportunity to make a second bid. We are not persuaded.

■ In a case related to the events here, the broker who located the gravel company as a buyer filed an action to recover his real estate commission. The division in that case noted that with an open listing, the broker is not the exclusive agent for the sale of the property. The open listing is an offer for a unilateral contract creating in the broker the power of acceptance by procuring a purchaser ready, willing, and able to buy on the terms proposed by the owner, although the owner is not required to convey the property to the prospective buyer. *Mapes v. City Council,* 151 P.3d 574 (Colo.App.2006).

Similarly, the open listing contract here, by its terms, is between the city and the

broker, and conveys to the potential buyer no rights in the property. Because the city council was not required to convey the property to the gravel company or accept the gravel company's offer, the mere failure to accept that offer did not deny plaintiffs due process. *See Mapes v. City Council, supra.*

In view of our disposition under part II, we also conclude plaintiffs' remaining due process arguments are moot.

The judgment is reversed as to the dismissal of the OML claim, and the case is remanded for a determination whether there was, in fact, a violation of the OML and for any further proceedings on that claim. The judgment is affirmed in all other respects.

Judge ROTHENBERG and Judge BERNARD concur.