No. 17,590.

Louise Liebhardt, Administratrix, etc. *v.* Neil Tasher, Inheritance Tax Commissioner of the State of Colorado.

(290 P. [2d] 1107)

Decided December 5, 1955. Rehearing denied January 3, 1956.

Mr. HUBERT D. HENRY, Mr. ROBERT B. KEATING, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NEIL TASHER, Assistant and Inheritance Tax Commissioner, Mr. W. H. MOULTON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

ON December 29, 1947, Minnie K. Liebhardt died, leaving a large portion of her estate to her nephew, Fred C. Liebhardt. The Colorado Inheritance Tax on her estate was duly assessed and paid. On June 10, 1950, Fred C. Liebhardt died intestate, leaving as his sole heirs his widow, Louise Liebhardt, and a son, Fred C. Liebhardt, Jr. At the date of Fred's death the bulk of his estate consisted of assets which he inherited from his aunt, together with other assets which could be identified as having been acquired by him in exchange for property he inherited from Minnie K. Liebhardt. Fred's estate grossed

$956,181.77 and deductions of $64,530.86 were allowed, leaving a net estate of $891,650.91.

The Colorado Inheritance Tax Commissioner (hereinafter referred to as Commissioner) in computing the tax due from the Fred C. Liebhardt estate, fixed the amount due on the widow's half at $27,436.91, and on the son's share at $28,186.91. He so reported the matter to the county court of Ouray County, Colorado, where Fred's estate is pending, and asked for appropriate approval orders.

Louise Liebhardt, administratrix of the estate of Fred C. Liebhardt, deceased, filed objections to the report of the Commissioner. These objections were overruled, and from the decision of the county court in fixing the tax as per the report of the Commissioner, the administratrix prosecutes the writ of error which brings the cause to this court.

The questions presented concern the correct credits to be allowed by the Commissioner for property previously taxed in the estate of Minnie K. Liebhardt and the proper exemptions to be allowed to the widow and son of Fred C. Liebhardt.

Fred C. Liebhardt having departed this life within a period of three years after the demise of his aunt, the inheritance tax on property previously taxed in the Minnie K. Liebhardt estate and passing to the heirs of Fred C. Liebhardt is to be determined by C.R.S. '53, 138-4-18, [formerly Section 17, chapter 85, 1935 Colo. Stat. Anno.] which reads as follows: *"Credit allowed for tax previously imposed within three years.*—If a transfer includes property upon the transfer of which to the present transferor a tax was previously and within three years imposed by this state and paid, or property which can be identified as having been received by such transferor in exchange for property on which a tax was so imposed and paid, a credit on account of such tax shall be allowed against the tax imposed and paid with respect to the present transfer of such property to be apportioned

among those liable for the tax according to the amount which each is liable to pay with respect to such property on the present transfer, but such credit allowed to any person liable to pay the tax on the present transfer, shall not exceed the amount of tax imposed and paid with respect to such property on the present transfer, but not to exceed the amount of tax imposed and paid with respect to the property on the present transfer. The three-year period shall be computed from the date the previous tax became due and not from the date of its payment."

We are unable to find any authority construing a statute couched in similar' language. Some jurisdictions give credit for a tax previously imposed, while others do not. In those states where credit is given the provisions are not in terms comparable to C.R.S. '53, 138-4-18, supra.

It is admitted that the assets received by Fred C. Liebhardt from his aunt's estate, and still owned by him at the time of his death, had increased $18,593.43 in value.

The Colorado Statute [now C.R.S. '53, 138-4-18] gives no rule for measuring or "computing" this tax credit. In this respect it differs from the Federal Statute, which counsel for plaintiff in error claim is, with certain variations, the basis upon which the Commissioner has worked out a formula by which such credit has been computed. It is the position of the Commissioner that when the statute makes no provision concerning the computation of the credit, he can, as an administrative measure, devise a formula to compute the tax credit. In doing so he has construed the statute as giving a credit against the tax, rather than against the property itself.

Rules and regulations adopted by a department of government, unless expressly or impliedly authorized by statute, are without force or effect if they add to, change or modify existing statutes. To permit such a proportionate reduction as that made by the Commissioner in the instant case would in effect give legal sanction to a power he does not possess, viz: authority to

amend or add to legislative enactments concerning inheritance and succession taxes.

It is the contention of plaintiff in error that the computation by the Commissioner of the credit for tax previously paid is incorrect in three respects: 1. The credit computed by the Commissioner was based on the valuation of the property in the preceding estate, whereas it is urged that it should have been based on the actual tax paid on such property in the preceding estate. 2. That the Commissioner computed a credit less than that properly allowable by reducing the credit for the tax previously paid by that percentage of the estate which the property previously taxed bears to the present estate. 3. That the Commissioner reduced the credit for the tax previously paid by that percentage of the personal exemptions which the property previously taxed bears to the entire estate.

To resolve these conflicting claims involving a proper application of the statute concerned, we are called upon to construe the language used by the General Assembly in its enactment. No great difficulty presents itself in applying the plain language of the statute to the admitted facts in this case, and as so applied it seems clear that the Legislature intended that if the tax imposed on a specific item of property taxed in the estate of Minnie K. Liebhardt actually exceeded the amount of tax imposed on the same property in the estate of Fred C. Liebhardt, the credit to the heir or legatee in the Fred C. Liebhardt estate must be for the full amount of the tax imposed on the same property in the estate of Fred C. Liebhardt.

To illustrate the computation as made by the Commissioner, one item included in the assets of the Fred C. Liebhardt estate, being a half interest in certain real estate, was appraised at $10,000 in the estate of Minnie K. Liebhardt. The rate of tax in that estate was 12:76% and the tax actually paid on this item was $1,276. This half interest in real estate increased in value between

the time Fred C. Liebhardt acquired it thru his aunt's estate and the date of his death, so that in his estate it was appraised at $11,000. The rate of taxation in the Fred C. Liebhardt estate was 5.82%. Applying this rate of tax to the agreed value at the time Fred C. Liebhardt departed this life the tax assessable against the property at its increased valuation is $640.20. In the Minnie K. Liebhardt estate the actual tax paid on this asset was $1,276, which obviously is more than the tax assessed against this same item in the Fred C. Liebhardt estate. The Commissioner has allowed a credit on this item of $582, which is 5.82% of ten thousand dollars, the value of the property as fixed in the Minnie K. Liebhardt estate. This computation results in Fred C. Liebhardt's estate paying $58.20 on this asset, notwithstanding that $1,276 was paid on this item in the Minnie K. Liebhardt estate. It is apparent that the Commissioner is not allowing a credit on the property itself, but is allowing a credit only on the valuation of the property in the Minnie K. Liebhardt estate, at the rate applicable in the Fred C. Liebhardt estate. The statute under consideration provides that the credit "*shall not exceed the amount of tax imposed and paid with respect to such property* on the present transfer." The computation made by the Commissioner fails to allow a credit on "such property" in accordance with what we conceive to be the plain mandate of the statute.

The asset must be considered as a unit, and if the average tax on the asset in the first estate equals or exceeds the tax on the same property in the second estate, then no tax on the transfer of the property may be assessed against the second estate, because the tax previously paid "with respect to such property" equals or exceeds the tax which would otherwise be due in the second estate.

C.R.S. '53, 138-4-15 (2) provides "Transfers to a wife shall be taxable *only* to the extent that the value of the property transferred exceeds twenty thousand dollars;

and transfers to any other person in Class A shall be taxable *only* to the extent that the value of the property exceeds ten thousand dollars * * *."

In the instant case the widow has an exemption of twenty thousand dollars and the son an exemption of ten thousand dollars. These exemptions are plainly given by 138-4-15 (2) supra, and nothing in any statute authorizes the Commissioner to apportion these exemptions. The widow and son of Fred C. Liebhardt were not transferees in the Minnie K. Liebhardt estate. They were transferees in the Fred C. Liebhardt estate, and the plain and unambiguous language of the section now being considered gives them exemptions of twenty thousand and ten thousand dollars respectively as against assets not previously taxed, or values of property previously taxed in excess of the appraised value in the former estate. Any proration of the exemptions would do violence to the statute under consideration, since it makes no reference to the proration of exemptions in a case where the same property was taxed within a period of three years.

In each of the former legislative enactments, which presently appear as C.R.S. '53, 138-4-14, the section imposing the tax on transfers of property appear as follows:

"Rates of Tax.—The tax imposed hereby shall be at the following rates:

| Upon transfers to persons or to corporations under: | On the value of the property transferred in excess of exemptions:" |

Then follow the several classifications of beneficiaries and the rate of the tax to be imposed.

The manifest purpose of these acts, as well as the language employed, clearly indicates that the heirs, devisees and legatees are entitled to the exemptions provided by the act and the amount thereof deducted from "the value of the property transferred" before the tax may be computed. These statutory exemptions bear no

relationship to the amount of the decedent's estate, or the source from which he obtained title. Had the estate of Fred C. Liebhardt consisted entirely of property not obtained from any other estate within a period of three years, the Commissioner would without question have allowed the twenty thousand dollar exemption to the widow and the ten thousand dollar exemption to the son. The application of the formula devised by the Commissioner reduced the exemptions to the widow and son from $30,000 to $5,490.

It is claimed that the Commissioner has allowed the exemption in full in the first instance. But by reducing the credit for property previously taxed by a proportionate part of the deductions and exemptions he has, in effect, reduced the deductions and exemptions themselves.

The judgment is reversed and the cause remanded to the trial court with directions that the tax be computed in accordance with this opinion.