532 P.2d 382 (1974)
Bernard Wayne LORANCE, Plaintiff-Appellee,
v.
The COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS et al., Defendants-Appellants.
No. 74-096.
Colorado Court of Appeals, Div. II.
December 31, 1974.
Rehearing Denied January 14, 1975.
Certiorari Denied March 17, 1975.
*383 Mosley, Wells & Dean, James H. Mosley, James B. Dean, Denver, for plaintiff-appellee.
John P. Moore, Atty. Gen., William Tucker, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
This matter was initiated by a complaint filed with the Colorado State Board of Examiners of Architects (Board) against Bernard Wayne Lorance, who is a licensed and practicing architect in Colorado. Prior to a hearing before the Board, Lorance sought relief in the district court, where he raised the invalidity of the rule he allegedly violated. The district court determined that it did not have the jurisdiction to consider the issue until final action had been taken by the Board and this court affirmed. Lorance v. State Board of Examiners of Architects, 31 Colo.App. 332, 505 P.2d 47.
Subsequently a hearing was held before the Board which determined that the original complaint was justified and ordered that Lorance's license be suspended for 30 days. Lorance then filed a complaint for relief in the nature of certiorari in the district court. The Board appeals from the judgment of the district court which reversed the decision of the Board. We affirm the judgment of the district court.
The facts as they relate to this appeal are not in dispute. In February 1969 Vail Associates contracted with Charles S. Sink for architectural services in the construction of a building in Vail, Colorado. This contract contained a termination clause requiring a seven-day written notice. In February 1970 the building project was *384 virtually shut down because of cost overruns and structural problems. At that time a conflict developed between Sink and Vail Associates. Lorance was then retained by Vail Associates as a consultant. There is no contention of any impropriety or the violation of any statute or rule on the part of Lorance as a result of his involvement as a consultant. By early June 1970, however, Lorance had been identified as the project architect for Vail Associates, and had provided architectural services toward the completion of the project even though Vail Associates did not effectively terminate its contract with Sink by written notice until early July 1970. This action of Lorance in undertaking to perform architectural services for Vail Associates while Sink's contract was in effect was the basis for the Board's disciplinary action against Lorance.
The legislature has granted to the Board the authority to suspend or revoke an architect's license, if the licensee:
"Has been found guilty by the board or any court of record in this state of any fraud or deceit in his professional practice." C.R.S.1963, 10-1-16(1) (e).
The legislature did not define "fraud or deceit," but the Board has stated:
"If an architect has secured a contract on any work, it shall be deemed fraud or deceit in professional practice for any other architect to attempt to supplant him so long as his contract is in force." Rules, Regulations and By-Laws of the Board of Examiners of Architects, Sec. V, Definition (b) (II) (Rule V(b) (II)).
The main issue raised by the Board on appeal is whether the Board has the power to define fraud or deceit insofar as it concerns the professional practice of an architect. The more narrow issue, as we perceive it, is whether the Board exceeded its rulemaking power in promulgating Rule V(b)(II). We hold that it did.
Under C.R.S.1963, 10-1-4(3):
"(a) The Board is authorized and empowered to: (b) Adopt, and from time to time revise, such rules and regulations not inconsistent with the law as may be necessary to enable it to carry into effect the provisions of this article."
This authority does not include the power to create an offense other than those set forth by the legislature. The phrase "fraud or deceit" refers to an established legal concept with a definite meaning. See Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458. This legal standard cannot be redefined by the Board.
An architect may be guilty of fraud or deceit in the manner in which he obtains a contract for a job in which another architect is already employed, but Rule V(b)(II) makes it an offense merely to supplant another architect, without requiring a showing of the elements of fraud or deceit as that concept is commonly understood at law. This the Board could not do. Unless expressly or impliedly authorized by statute an administrative board cannot change or modify existing statutes by the adoption of rules and regulations. Liebhardt v. Tasher, 132 Colo. 554, 290 P. 2d 1107; Board of Barber Examiners v. White, 29 Colo.App. 471, 485 P.2d 928. As was stated in Graham Furniture Co. v. Industrial Commission, 138 Colo. 244, 331 P. 2d 507.
"To hold that the clear words of the statute can be circumvented by a regulation adopted by the Commission is to ignore their plain meaning and confer legislative powers on the Commission."
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.