552 P.2d 38 (1976)
Elias George CROSS, Jr., Plaintiff-Appellee,
v.
The COLORADO STATE BOARD OF DENTAL EXAMINERS, Defendant-Appellant.
No. 75-600.
Colorado Court of Appeals, Div. III.
April 15, 1976.
Rehearing Denied May 13, 1976.
Certiorari Denied July 12, 1976.
*39 Isaac, Walsh & Johnson, Robert M. Isaac, Howard J. Alpern, Colorado Springs, for plaintiff-appellee.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Mary A. Rashman, Asst. Atty's. Gen., Denver, for defendant-appellant.
Selected for Official Publication.
BERMAN, Judge.
The Colorado State Board of Dental Examiners appeals from the trial court's judgment ordering a writ of prohibition to issue, pursuant to C.R.C.P. 106, permanently staying the defendant Board from proceeding to hear charges pending against the plaintiff. We reserve.
The Board issued to plaintiff, a dentist licensed by the Board to practice in Colorado, a notice of hearing and specification of charges. The notice and specification informed plaintiff that the purpose of the hearing was to determine whether plaintiff was guilty of "[i]mmoral, unprofessional, or dishonorable conduct," as prohibited by § 12-35-118(1)(l), C.R.S.1973, and, if so, whether suspension or revocation of his license to practice dentistry was warranted under § 12-35-118(1), C.R.S.1973.
Prior to the date of the hearing, plaintiff wrote to the Board informing it that he *40 was no longer residing in Colorado, that he had not practiced dentistry in Colorado during 1975, that he did not intend to renew his registration for 1975, that he did not intend ever again to practice dentistry in Colorado, and that he was "voluntarily surrendering [his] license certificate . . ." He also asked the Board to confirm its acceptance of the voluntary surrender of his license. The Board, by letter, acknowledged receipt of plaintiff's letter and informed him it would consider the "matter of [his] surrender of [his] license, and the Board's acceptance and/or approval of such surrender" at its next scheduled meeting, which was to be held several days before the hearing on the charges filed against plaintiff.
However, before either the Board meeting or the hearing could be held, plaintiff sought and was granted relief by writ of prohibition in the district court.
Under the Dental Practice Law of Colorado, § 12-35-101 et seq., C.R.S.1973, the Board is granted the power to issue, suspend, and revoke licenses to practice dentistry in Colorado. Pursuant to § 12-35-107(1) (c), C.R.S.1973, "when evidence has been presented showing violation of any of the provisions of [the Dental Practice Law]," the Board has original and exclusive jurisdiction over the subject matter and the person of a dentist to determine what disciplinary action should be taken. State Board of Dental Examiners v. Savelle, 90 Colo. 177, 8 P.2d 693; see also Colorado State Board of Medical Examiners v. District Court, 138 Colo. 227, 331 P.2d 502. Judicial review of Board orders in disciplinary proceedings is specifically provided for in the Law. Section 12-35-118(3), C. R.S.1973; see also Colo.Sess.Laws 1975, ch. 123, § 12-35-115 at 458.
By instituting the disciplinary action against plaintiff, the Dental Board was carrying out its statutory function, and under such circumstances, courts should not interfere until after final action has been taken by the Board. Lorance v. Colorado State Board of Examiners of Architects, 31 Colo.App. 332, 505 P.2d 47; Colorado State Board of Medical Examiners v. District Court, supra.
Plaintiff contends, however, that the court may properly enjoin an agency from proceeding where, in the words of § 24-4-106(8), C.R.S.1973, the proposed action is "clearly beyond the . . . statutory jurisdiction or authority of the agency.. . ." Accordingly, citing Alcott Pharmacy, Inc. v. State Board of Pharmacy, 35 Colo.App. 248, 531 P.2d 987, he argues that since his license to practice dentistry no longer exists, the Board has no jurisdiction because there is nothing left against which to proceed. Because plaintiff's premise, i.e., that his license no longer exists, is erroneous, his argument is without merit.
Plaintiff first argues that his license no longer exists on the theory that his license is a property right which he has abandoned. We disagree. Plaintiff's license, which gives him the authority to practice dentistry, is a "privilege" granted by the Board. Section 12-35-103(2), C.R.S.1973; Burden v. Hoover, 9 Ill.2d 114, 137 N.E.2d 59. Once granted, the privilege is a "property right" in the sense that the Board may not deprive the plaintiff of his license without satisfying the requirements of due process of law. Colorado State Board of Nurse Examiners v. Hohu, 129 Colo. 195, 268 P.2d 401; Burden v. Hoover, supra. Thus, although a license to practice dentistry may be considered "property" to the extent that due process must be satisfied before there can be any governmental "taking" of it, we hold that a dentistry license is not property that may be abandoned so as to divest the Board of jurisdiction after disciplinary proceedings have been instituted.
Plaintiff next urges that, by his letter to the Board, he surrendered his license. He contends that because the Board has only those powers which the statute authorizing its existence grants to it, Board of Medical Examiners v. Weiler, 157 Colo. *41 244, 402 P.2d 606; Board of Dental Examiners v. Savelle, supra, and because the Board is given no authority to deny him the right to surrender his license, his surrender operated to extinguish his license as of the date of surrender. We find this reasoning unpersuasive.
The Dental Practice Law does not mention surrender of a license. Accordingly, we are guided by the fundamental rules of statutory construction that the legislative intent is to be ascertained and given effect, and that a statute should be given a construction which will render it effective in accomplishing the purpose for which it was enacted. Alvarez v. District Court, 186 Colo. 37, 525 P.2d 1131; In re Questions Submitted by United States District Court, 179 Colo. 270, 499 P.2d 1169. Also, the Dental Practice Law "shall be liberally construed" to effectutate its purpose. Section 12-35-102, C.R.S. 1973.
The purpose of the Dental Practice Law is to protect the public interest, § 12-35-102, C.R.S.1973, and when the Board exercises its statutory function of conducting disciplinary proceedings, it is pursuing that purpose. Board of Dental Examiners v. Savelle, supra; McKay v. State Board of Medical Examiners, 103 Colo. 305, 86 P.2d 232.
In regard to that protection of the public interest, we note that the statute does not prevent the plaintiff from reapplying for a license to practice dentistry even if its surrender has been approved by the Board and this reapplication may come years after the surrender. If such an event occurs, the Board has the right to review the reasons and circumstances under which the license was originally surrendered. Section 12-35-107(1)(d), C.R.S.1973. To this end it is logical and sensible that, where such grave charges of immorality and unprofessional or dishonorable conduct are alleged, the Board has the right to preserve the evidence, if any, of these charges; otherwise witnesses may disappear and the passage of time itself may well dim or even eradicate the memory of the witnesses and thus preclude the construction of an adequate record.
Consequently, to effectuate the purpose of the Dental Practice Law, we hold that plaintiff is not entitled to resign or surrender his license as of right, during the pendency of disciplinary proceedings, and thereby divest the Board of its jurisdiction. See Louisiana State Bar Ass'n v. Powell, 250 La. 313, 195 So.2d 280; Application of Harper, 84 So.2d 700 (Fla.); Peterson v. State Bar of California, 21 Cal.2d 866, 136 P.2d 561.
Contrary to appellee's contention, the surrender of the license certificate, until accepted, does not extinguish the license. Louisiana State Bar Ass'n v. Powell, supra. The certificate is merely evidence of the license. Section 12-35-103 (3), C.R.S.1973. Nor does the failure to pay the annual registration fee to renew the license automatically extinguish the license. See § 12-35-117, C.R.S.1973. So long as plaintiff's name is entered on the record book of the Board, see § 12-35-120, C.R.S.1973, he remains licensed to practice dentistry. See Louisiana State Bar Ass'n v. Powell, supra.
The Dental Board may accept or reject plaintiff's tendered surrender of his license; such authority must be implied from the authority to grant the license. See Liebhardt v. Tasher, 132 Colo. 554, 290 P.2d 1107; Warren v. Marion County, 222 Or. 307, 353 P.2d 257. However, until the Board accepts the surrender, it is acting within the scope of its statutory power to conduct disciplinary proceedings, and the district court has no jurisdiction to restrain the Board from performing its statutory function.
Judgment is reversed and the cause is remanded with directions to dissolve the writ of prohibition.
PIERCE and SMITH, JJ., concur.