Gail H. Klapper Executive Director Department of Regulatory Agencies Room 116 1525 Sherman Street Denver, Colorado 80203
Dear Ms. Klapper:
This is in response to your letter of April 10, 1979, requesting an opinion concerning the validity of the Governor's March 10, 1978, appointment of one Rex A. Tynes to the Colorado State Board of Registrations for Professional Engineers and Land Surveyors (the "board").
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion, in essence, presents only one question: 1. Whether Mr. Tynes was eligible for appointment to the board, despite the fact that he had not been registered in this state as a professional engineer for 10 years.
 My conclusion is "yes." In my opinion, Mr. Tynes' licensure for 10 years in this state is an alternate basis qualifying him for board membership.
ANALYSIS
You relate the following facts. Mr. Tynes was originally licensed as a professional engineer in Colorado on August 17, 1957. The enclosure to your letter states that Mr. Tynes:
 maintained active registration (in Colorado) from 1957 to 1965 at which time he went out of state and did not pay the renewal fee for his license until 1975. Mr. Tynes reinstated his license by paying the fee as required under the provisions of . . . (C.R.S. 1973), 12-25-117(2) . . .
You also relate that at the time of his appointment to the board by the Governor on March 10, 1978, Mr. Tynes was a resident of Colorado and a citizen of the United States; and had been engaged in engineering for over twelve years and had been in "responsible charge" for over eight years.
Subsequent to receipt of your April 10 letter, I determined the following additional information from the files of the board. One, Mr. Tynes, after being licensed as a professional engineer on August 17, 1957, renewed his license certificate annually, paying all requisite fees therefor, in 1958, 1959, 1960, 1961, 1962, and 1963; Mr. Tynes did not pay the requisite renewal fee in 1964, nor in any of the years 1965 through 1973 inclusive. Two, the records of the board (see exhibit A attached hereto) show that, as a result of Mr. Tynes' nonpayment of his certificate renewal fee for calendar 1964, the board deemed Mr. Tynes' registration as a professional engineer in Colorado "invalid" on March 1, 1964 and Mr. Tynes affirmatively declared himself unwilling to renew his registration as a professional engineer in Colorado on or about November 19, 1965. Three, in December, 1974, Mr. Tynes forwarded to the board the sum of $90.50 in payment of certificate renewal and penalty fees for calendar years 1964-1974, inclusive, and also in payment of his certificate renewal fee for calendar 1975; at or about this time, Mr. Tynes also resumed residence and practice in Colorado. Four, Mr. Tynes has timely paid his certificate renewal fees for calendar years 1976 through 1979, inclusive.
C.R.S. 1973, 12-25-107(1) requires that members of the board:
(1) Be United States citizens;
(2) Be residents of Colorado;
 (3) Have been engaged in engineering at least twelve years;
 (4) Have been in `responsible charge' at least eight years; and,
 (5) Have been registered or licensed in Colorado at least ten years.
The facts you provided establish that Mr. Tynes on March 10, 1978, met requirements 1-4 (inclusive) just enumerated. You question whether Mr. Tynes on that date met requirement number 5.
According to C.R.S. 1973, 12-25-107(1), Mr. Tynes had to have been either "registered or licensed" (emphasis supplied) as a professional engineer in Colorado for ten years when he was appointed on March 10, 1978. It is my opinion that "registered" and "licensed" signify legally differentiable statutes and/or the consequences of legally differentiable board action. Although Mr. Tynes was not registered in the State of Colorado as a professional engineer for 10 years, he was and has been licensed as a professional engineer in the State of Colorado for more than 10 years. I conclude, therefore, that Mr. Tynes was qualified for appointment to the board on March 10, 1978.
The organic statute governing the practice of professional engineering, C.R.S. 1973, 12-25-101 et seq., contains a definitional section. In that section, C.R.S. 1973, 12-25-102(10) defines "license" to mean "that the board has granted formal legal permission to practice engineering." In that same definitional section, C.R.S. 1973, 12-25-102(15) defines "registered" (as relevant here) to mean "formal action by the board to officially record and legally certify." I conclude that these definitional provisions of the organic statute regulating the practice of engineering in Colorado on their face differentiate "licensing" and "registration" as separate board functions. This conclusion is supported by reasonable construction of other provisions of the organic statute governing the practice of engineering in Colorado. For example, C.R.S. 1973, 12-25-106(16) empowers the board to:
 license and issue a numbered certificate of registration as a professional engineer to each applicant who has satisfactorily met all the requirements for licensing.
(Emphasis supplied.) Similarly, acting in its disciplinary capacity, the board is authorized under C.R.S. 1973, 12-25-106(4) to revoke the "license or registration" (emphasis supplied) of a professional engineer who has committed certain prohibited acts.
The facts available to us reveal that during the period January 1, 1964, through November, 1973, Mr. Tynes failed timely to pay annual renewal fees for his certificate of registration as required by C.R.S. 1973, 12-25-117(1) and (3)(a). During this same period, Mr. Tynes committed no other known acts or omissions that might otherwise have affected his status as a professional engineer in Colorado. He was subject to no board disciplinary or administrative action that might have curtailed or modified his privilege of licensure. He did reside and practice out of the State of Colorado during that period, but nothing in the organic statute governing the practice of professional engineering attaches any significance to such out-of-state residence and practice in themselves.
C.R.S. 1973, 12-25-102(2) defines a professional engineer's "certificate" to mean:
 the media issued by the board to evidence registration and licensing of a professional engineer . . . .
A "certificate" was similarly defined in the organic statute as it read in 1964, the first calendar year in which Mr. Tynes failed to pay his annual certificate renewal fee. See
C.R.S. 1963, 51-1-15(1). The Colorado Court of Appeals has held, considering a licensure statute (the Dental Practice Law of Colorado, C.R.S. 1973, 12-35-101 et seq.) in relevant particulars similar to the organic statute regulating engineers, that the invalidity of a certificate does not affect of itself the validity of a license. Cross v. State Board ofDental Examiners, 37 Colo. App. 504, 508, 552 P.2d 38
(1976).
In the context of the facts presented concerning Mr. Tynes, in considering the precise language, "registered or licensed" in C.R.S. 1973, 12-25-107(1), I must ascribe to the word "registered" the meaning expressly stated in the statute: "Formal action by the board to officially record and legally certify." C.R.S. 1973, 12-25-102(15). In this context, Mr. Tynes clearly was not registered with the board as a professional engineer in Colorado during at least the period March 1, 1964, through December 31, 1973. See C.R.S. 1973, 12-25-117(1). I must also conclude in the same context, however, that Mr. Tynes in this period was "licensed" as a professional engineer in Colorado; that is, he remained the recipient of a grant from the board of "formal legal permission to practice engineering" in Colorado within the terms of C.R.S. 1973, 12-25-102(10). That Mr. Tynes was "licensed" in this period does not mean that he could have practiced professional engineering without being "registered". C.R.S. 1973, 12-25-102(9) defines the "lawful practice" of engineering to mean that practice performed pursuant to the provisions of all portions of C.R.S. 1973, 12-25-101et seq. Among those provisions are prohibitions against holding "oneself out as a professional engineer when not in possession of a valid certificate" (C.R.S. 1973,12-25-102(12)(d)) and using "an expired, suspended or revoked certificate" (12-25-102(12)(g)). Violations of those prohibitions, if occurring in the State of Colorado, would subject the holder of a professional engineer's license to discipline, including revocation or suspension, in accordance with the terms of C.R.S. 1973, 12-25-106(4)(d). Thus, while licensed but not duly registered, Mr. Tynes (or anyone else) could not lawfully have practiced engineering in Colorado.
SUMMARY
The facts that you have made available indicate that at the time of his appointment, Mr. Tynes had been licensed in Colorado as a professional engineer for 20 years and had been licensedand registered in Colorado for a combined period of at least nine years before and after the period January 1, 1964, through November, 1973. Since C.R.S. 1973, 12-25-107(1) poses ten years of licensure or registration as a professional engineer in Colorado as alternative bases for meeting one of the qualifications for board membership, Mr. Tynes was qualified for appointment by the Governor on March 10, 1978.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICE ARCHITECTS AND ENGINEERS
C.R.S. 1973, 12-25-107(1)
REGULATORY AGENCIES, DEPT. Engineers Land Surveyors
Engineer who has been licensed with the board for ten years, but registered to practice for fewer than ten years, is nonetheless eligible to serve on the board since an engineer can serve on the board if he is either licensed or registered for ten years.