A & A AUTO WRECKING, INC., a Colorado Corporation; Bradley Auto Salvage, Inc., a Colorado Corporation; Colorado Auto & Parts, Inc., a Colorado Corporation; Arapahoe Auto Sales, a partnership; and Atlas Auto Sales, a partnership, Plaintiffs-Appellants,

v.

The DEPARTMENT OF REVENUE of the State of Colorado, and Alan N. Charnes, Executive Director, Defendants-Appellees.

No. 79CA0258.

Colorado Court of Appeals,
Div. I.

July 26, 1979.

Rehearing Denied Aug. 16, 1979.

Certiorari Granted Oct. 22, 1979.

Jim Travis Tice, Littleton, for plaintiffs-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Yvette P. Fossum, Asst. Atty. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs, automobile dealers licensed by the State of Colorado, filed this action challenging the validity of *Department of Reve-*

*nue Regulation* 42–3–116.1.[1] They contend that it is in excess of the Department's delegated authority and therefore invalid because it conflicts with the statute which it seeks to enforce. On stipulated facts, the court ruled as a matter of law that the regulation was proper, and dismissed the action. Plaintiffs appeal, and we reverse.

Section 42–1–204, C.R.S.1973, delegates to the department the authority "to make uniform rules and regulations not inconsistent with articles 1 to 4 of this title to enforce the same." Pursuant to that delegation and to enforce the provisions of § 42–3–116(1), C.R.S.1973 (1978 Cum.Supp.), the department promulgated regulation 42–3–116.1.

The statute provides:

"A . . . dealer in, motor vehicles . . . operating any such vehicle upon any highway, in lieu of registering each vehicle, may obtain from the department . . . and attach to each such vehicle one number plate . . . . Any such plates so issued may . . . be transferred from one such vehicle to another . . . ."

The regulation provides as follows:

"DEALER PLATES. Each separate purchase of Dealer Plates will have to be accompanied by an authorization card issued by the Department of Revenue, Motor Vehicle Dealers Administration. Quantity of Dealer Plates purchased will be controlled as follows:

i) Each licensed motor vehicle dealer shall be allowed to purchase three (3) dealer plates per year.

ii) In addition to the plates issued pursuant to part (i) above, licensed motor vehicle dealers may purchase dealer plates as follows:

a) One (1) dealer plate may be purchased for each licensed salesman (other than a 'no fee' salesman) employed by the purchasing dealer;

b) Two (2) dealer plates may be purchased for the service facility located at the dealer's principal place of business;

c) One (1) dealer plate for each fifty (50) motor vehicles sold or exchanged during the twelve-month period preceding the purchase of dealer plates, or in the case of dealers not licensed during the twelve-month period preceding the purchase, one (1) dealer plate for each fifty (50) motor vehicles in said dealer's inventory at the time of the purchase of dealer plates.

iii) Dealership records and/or temporary permits must be presented to the Motor Vehicle Division as evidence of the number of motor vehicles sold or exchanged or in inventory."

The delegatory statute itself indicates that the department's rules and regulations must be consistent with the section they seek to enforce. Section 42–1–204, C.R.S.1973. *Cf.* § 24–4–103(8)(a), C.R.S. 1973. Even in the absence of such a statutory restriction, however, agency rules and regulations are invalid if inconsistent with the statute under which they are promulgated. *See Graham Furniture Co. v. Industrial Commission,* 138 Colo. 244, 331 P.2d 507 (1958); *United Buying Service, Inc. v. Department of Revenue,* 37 Colo.App. 465, 548 P.2d 1286 (1976); *Lorance v. Colorado State Board of Examiners of Architects,* 35 Colo.App. 177, 532 P.2d 382 (1974).

It is apparent that the regulation involved in the instant case is invalid because it conflicts with the statute which it supposedly seeks to enforce. The statute, § 42–3–116, indicates that any vehicle (presumably, one held for sale) owned by a dealer and operated on the highway, need not be registered, but that the dealer may instead obtain dealer plates to be attached "to *each* such vehicle . . . ." *See also* § 42–3–123(8), C.R.S.1973.

Thus we hold that department of revenue regulation 42–3–116.1, limiting the number of dealer license plates that may be issued to an automobile dealer, is inconsistent with § 42–3–116, C.R.S.1973, and is therefore invalid.

---

1. No issue was raised either in the trial court or on appeal as to standing of plaintiffs or any requirement of proving injury as a basis for bringing this action.

The department's argument that the regulation is consistent with the statute and within the scope of its delegated rule making authority is not well taken. It argues that the regulation promotes collection of automobile ownership tax by restricting the number of dealer plates issued, thus forcing dealers to register their vehicles as would any other citizen. However, the regulation could have more fully accomplished this purpose by prohibiting dealer plates altogether. Given the legislative intent as expressed in the statute, the department may no more regulate the number of dealer plates than it may prohibit them.

The abuses which the department contends surround the use of dealer plates may well exist. If so, the General Assembly has the authority to amend the statute. The department of revenue, however, may not do so by administrative rule or regulation.

Judgment reversed.

COYTE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

I respectfully dissent.

The Department of Revenue is an administrative agency created by statute, endowed with enumerated powers pursuant to the police power and its exercise of those powers should be presumed to be valid and constitutional. *Moore v. District Court*, 184 Colo. 63, 518 P.2d 948 (1974). In this action filed pursuant to § 24–4–106, C.R.S.1973, plaintiffs presented no evidence that the questioned regulation was beyond the authority of the department of revenue. Indeed, at the administrative hearing which preceded this judicial review, the questioned regulation had been broadened to allow for a greater number of dealer plates than in its original version as a protection to smaller dealers. Moreover, plaintiffs presented no evidence that the regulation injured them.

On its face the questioned regulation is in no way inconsistent with the statute and bears a reasonable relationship to the statutory objective. The statute is a revenue measure pointed toward collecting taxes but permitting exceptions to the general scheme in the case of dealers. The regulation relates to the latter and prevents abuse of the dealer plate exemption. Contrary to the reasoning in the majority opinion, the regulation does not prohibit issuance of dealer plates; rather it supplies a reasonable formula for regulation of the number of plates so that the tax exemption for dealer plates is not abused.

*Dixon v. Zick*, 179 Colo. 278, 500 P.2d 130 (1972) and *State Board of Barber Examiners v. White*, 29 Colo.App. 471, 485 P.2d 928 (1971), relied upon by the plaintiffs are distinguishable. In each of those cases the regulation in question was beyond the scope and objectives of the statutory delegation of authority.

Given the presumption of validity and the failure of plaintiffs to prove injury, together with the fact that on its face the regulation bears a reasonable relationship to the purpose of the statute, the trial court properly stated:

"Now, I do not know and cannot rule at this time whether there are going to be harmful effects on these small dealers or whether this regulation will be arbitrary and capricious as to them or unconstitutional because of [denial of] equal protection because we really don't have any information before this court on those issues."

For these reasons I would affirm the judgment of the district court.