The **DEPARTMENT OF REVENUE of the State of Colorado, and Alan N. Charnes, Executive Director, Petitioners,**

v.

**A & A AUTO WRECKING, INC., a Colorado Corporation; Bradley Auto Salvage, Inc., a Colorado Corporation; Colorado Auto Parts, Inc., a Colorado Corporation; Arapahoe Auto Sales, a partnership; and Atlas Auto Sales, a partnership, Respondents.**

**No. 79SC292.**

Supreme Court of Colorado.

March 23, 1981.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Yvette P. Fossum, Asst. Atty. Gen., Denver, for petitioners.

Jim Travis Tice, Littleton, for respondents.

HODGES, Chief Justice.

We granted certiorari to review the court of appeals' decision that *Department of Revenue Regulation* 42–3–116.1, limiting the number of dealer license plates a dealer of motor vehicles may obtain, was invalid. *A & A Auto Wrecking, Inc. v. Department of Revenue*, Colo.App., 602 P.2d 10 (1979). We reverse the judgment of the court of appeals.

The General Assembly has provided a comprehensive scheme for the registration and taxation of motor vehicles. *See* section 42–3–101 *et seq.*, C.R.S.1973. In general, the owner of a motor vehicle must register the vehicle with the department of revenue and pay an ownership tax thereon annually. In return, number plates or validating stickers are issued to the owner. The General Assembly adopted a special provision for the benefit of dealers of motor vehicles. Section 42–3–116(1), C.R.S.1973 (1980 Cum. Supp.) provides:

> "A . . . dealer in motor vehicles . . . operating any such vehicle upon any highway, in lieu of registering each vehicle, may obtain from the department . . . and attach to each such vehicle one number plate . . . Any such plates so issued may . . . be transferred from one such vehicle to another . . ."

Section 42–1–204, C.R.S.1973 empowers the executive director of the department of revenue to make uniform rules and regulations consistent with articles 1 to 4 of title 42, C.R.S.1973. Pursuant to this express statutory grant, *Department of Revenue Regulation* 42–3–116.1 was adopted. This regulation provides:

> "DEALER PLATES. Each separate purchase of Dealer Plates will have to be accompanied by an authorization card issued by the Department of Revenue, Motor Vehicle Dealers Administration. Quantity of Dealer Plates purchased will be controlled as follows:
>
> (i) Each licensed motor vehicle dealer shall be allowed to purchase three (3) dealer plates per year.

(ii) In addition to the plates issued pursuant to part (i) above, licensed motor vehicle dealers may purchase dealer plates as follows:

(a) One (1) dealer plate may be purchased for each licensed salesman (other than 'no fee' salesman) employed by the purchasing dealer;

(b) Two (2) dealer plates may be purchased for the service facility located at the dealer's principal place of business;

(c) One (1) dealer plate for each fifty (50) motor vehicles sold or exchanged during the twelve-month period preceding the purchase of dealer plates, or in the case of dealers not licensed during the twelve-month period preceding the purchase, one (1) dealer plate for each fifty (50) motor vehicles in said dealer's inventory at the time of the purchase of dealer plates.

(iii) Dealership records and/or temporary permits must be presented to the motor vehicle division as evidence of the number of motor vehicles sold or exchanged or in inventory."

The plaintiff-respondents, who are licensed automobile dealers, brought this action in the district court, after exhausting their administrative remedies. *See generally* section 24–4–106, C.R.S.1973. They contend that the department of revenue acted in excess of its delegated authority in adopting *Department of Revenue Regulation* 42–3–116.1, and consequently the regulation is invalid. The district court ruled as a matter of law that the regulation was proper, and dismissed the action.

The respondents appealed to the court of appeals. The court of appeals reversed the decision of the district court. The majority held that the regulation was inconsistent with section 42–3–116(1), C.R.S.1973, and therefore was invalid. It interpreted section 42–3–116(1) as permitting a dealer to obtain a license plate for each vehicle in the dealer's possession.

The question before us is whether *Department of Revenue Regulation* 42–3–116.1 is inconsistent with the entire legislative scheme, articles 1 to 4 of title 42, C.R.S.1973, or more specifically section 42–3–116(1), C.R.S.1973, and is therefore invalid. *See* section 42–1–204, C.R.S.1973. *See also* section 24–4–103(8)(a), C.R.S.1973; *Cohen v. Department of Revenue*, 197 Colo. 385, 593 P.2d 957 (1979); *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976); *Dixon v. Zick*, 179 Colo. 278, 500 P.2d 130 (1972).

■ The regulation facilitates a basic purpose of the overall legislative scheme for the registration and taxing of motor vehicles. A fundamental purpose of article 3 of title 42, C.R.S.1973, is to collect an annual ownership tax on all motor vehicles. *See* section 42–3–101, C.R.S.1973 (1980 Supp.); *Colo.Const.* Art. X, Sec. 6. Ownership taxes are to be paid when a vehicle is registered with the department of revenue. Section 42–3–104(2), C.R.S.1973. The formula for determining the ownership tax is set forth in sections 42–3–105 and 106, C.R.S.1973. The amount can be quite substantial since the rate of tax is initially 2.10% of the factory list price of the vehicle. The annual fee for dealer plates is $30 for the first plate, $7.50 for each additional plate issued up to and including five, and $10.00 for each plate issued in excess of five. Section 42–3–123(8), C.R.S.1973. *Department of Revenue Regulation* 42–3–116.1 assures that full ownership taxes will be paid where properly due. As such, the regulation comports with the scope and object of this statutory scheme. *Compare Cohen v. Department of Revenue, supra; Travelers Indemnity Co. v. Barnes, supra; Dixon v. Zick, supra.*

■ Nor does the regulation conflict with section 42–3–116(1). The plain meaning of this section is that a dealer may attach one license, rather than the customary two, *see* section 42–3–113, C.R.S.1973, to each vehicle operated on any highway. The section does not require that one license plate be affixed to each vehicle in the dealer's inventory. The obvious legislative intent was to accommodate dealers by not requiring registration of each vehicle in the dealer's inventory, and to permit dealers to operate

their vehicles upon highways with the ease of transferring one license plate from one vehicle to another. Section 42–3–116(1) does not provide that a dealer may obtain an unlimited number of dealer plates, nor would such an interpretation lead to a just and reasonable result. *See generally* section 2–4–201(1)(c), C.R.S.1973. *Department of Revenue Regulation 42–3–116.1* does not affect the registration requirements of section 42–3–116(1). While a limit is placed upon the number of dealer plates a dealer may obtain, a liberal number is provided. All dealers will automatically be permitted to obtain three plates, plus one for each salesman employed. Additionally, two plates are permitted to a dealer who operates a service facility. Finally, an additional number of dealer plates can be obtained in the amount of one plate for each fifty vehicles sold or traded in the preceding year, unless the dealer was not licensed in the preceding year, in which case the amount shall be one plate for each fifty vehicles in the dealer's inventory at the time of the purchase of the plates. There has been no demonstration or argument by the respondents that the number of dealer plates permitted by this formula will thwart an automobile dealer's legitimate business purposes.

Since *Department of Revenue Regulation 42–3–116.1* is consistent with both the entire legislative scheme of article 3 of title 42, C.R.S.1973, and specifically, section 42–3–116(1), the regulation was properly adopted by the department of revenue.

The judgment of the court of appeals is reversed.