Winnie TAM, Plaintiff–Appellee and Cross–Appellant,

v.

SHELTER MUTUAL INSURANCE COMPANY, Defendant–Appellant and Cross–Appellee.

No. 88CA1195.

Colorado Court of Appeals, Div. II.

Dec. 21, 1989.

Rehearing Denied March 8, 1990.

Moyer, Beal & Vranesic, John R. Vranesic, Lakewood, for plaintiff-appellee and cross-appellant.

Greengard & Senter, Thomas S. Rice, Mark C. Overturf and Ross L. Libenson, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge SMITH.

Defendant, Shelter Mutual Insurance Company, appeals from the judgment entered on a jury verdict in favor of the plaintiff, Winnie Tam, on her breach of contract claim under the terms of Colorado's no fault statute. The jury found that the defendant's failure to pay benefits was wilful and wanton, and the trial court awarded treble damages and attorney fees. Plaintiff cross-appeals on the method of calculation of damages. We affirm in part and reverse in part.

Plaintiff was injured in an automobile accident on November 23, 1983, and thereafter began receiving chiropractic treatment for those injuries three times a week. By May 1985 her treatments were reduced to once weekly. A second accident occurred on August 5, 1985, wherein plaintiff was reinjured and resumed treatments thrice weekly. The second accident is the subject of this controversy.

Defendant was the plaintiff's insurer at the time of the second accident. Because of the plaintiff's weekly treatment for the first accident, the defendant elected to pay for chiropractic visits in excess of once a week.

On February 25, 1986, the defendant engaged National Rehabilitation Consultants who met with the plaintiff and her treating chiropractor in an attempt to determine when treatment might cease. Defendant then requested an independent medical examination, and the examining physician stated that the plaintiff probably would not need chiropractic care beyond three additional months.

On March 26, 1986, defendant informed plaintiff that it would pay benefits only through June 6, 1986. However, plaintiff continued treatment through October 1986, and one year later, she filed this lawsuit for the unpaid medical bills.

## I.

Defendant contends that the trial court erred in failing to grant its motion for a

directed verdict on the issue of wilful and wanton denial of benefits. We disagree.

Motions for a directed verdict are governed by C.R.C.P. 50 and are proper only if there are no factual disputes. *Williamson v. School District No. 2*, 695 P.2d 1173 (Colo.App.1984). And, in resolving a motion for directed verdict, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed. *Safeway Stores, Inc. v. Langdon*, 187 Colo. 425, 532 P.2d 337 (1975).

■ Here, the case turns on a factual dispute concerning whether plaintiff had reached maximum medical improvement before benefits were terminated. The evidence shows that benefits were halted based solely on a projection of when the plaintiff was likely to recover. No follow-up examination was conducted *at that projected time* to see if the plaintiff indeed had reached the anticipated maximum recovery. Also, the evidence is uncontroverted that plaintiff continued treatment beyond the projected date, and no re-examination was ordered for four months. Accordingly, there existed a significant factual question for the jury about the reasonableness of the denial of benefits at that point, and directed verdict was properly denied.

## II.

■ Defendant asserts that the judgment should be reversed as a matter of law because there is insufficient evidence to sustain a determination of willful and wanton conduct. We disagree.

The jurors were properly instructed on the definition of wilful and wanton conduct and they decided that the defendant's behavior was without justification and was in disregard of the plaintiff's rights. We are bound by that decision absent a clear showing of passion or prejudice. *Maloney v. Jussel*, 125 Colo. 125, 241 P.2d 862 (1952).

Here, the defendant continued to receive, but not pay, bills from the plaintiff's chiropractor without making any effort to ascertain whether its projections as to plaintiff's recovery were accurate. That failure was sufficient to sustain a jury finding of willful and wanton conduct.

## III.

■ Defendant claims the trial court abused its discretion in limiting its cross-examination of the plaintiff's expert. We disagree.

Defendant attempted to show bias of the witness by questioning her about insurance practices in her office. It hoped to show the jury that the chiropractor treated insured patients differently from uninsured ones. However, in a hearing outside the presence of the jury, defendant's attorney admitted he did not have a factual basis to support such inquiry.

While we agree that evidence of a witness' financial interest may be relevant, the admission of such evidence is a question that rests in the sound discretion of the court. *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985). We perceive no abuse of that discretion here.

Defendant's remaining arguments are without merit.

## IV.

Plaintiff cross-appeals on the issue of computation of interest and damages.

On November 20, 1987, the plaintiff received $3,957.74 from a third-party in full settlement of her expenses incurred relative to the first accident. Plaintiff agrees this amount was properly subtracted from the award of benefits for chiropractic services of $8,311.78. The trial court also subtracted that amount before its calculation of interest and treble damages.

The question raised by plaintiff is whether the trial court should have awarded interest and treble damages on the net of the amount after the setoff. We conclude that it should not have done so.

Defendant argues that the "unpaid benefits in controversy" language in § 10–4–708(1), C.R.S. (1987 Repl.Vol.) must be read to mean actual benefits unpaid at

**504**

date of judgment. In our view, no such interpretation is sustainable under the plain, unambiguous language of the statute.

 In construing statutes, legislative intent is to be ascertained and given effect, and the statute in question must be given a construction that will render it effective in accomplishing the purpose for which it was enacted. *Cross v. Colorado State Board of Dental Examiners*, 37 Colo.App. 504, 552 P.2d 38 (1976).

Section 10–4–101, C.R.S. (1987 Repl.Vol. 4A) reads as follows:

"The General Assembly declares that the health, welfare, and safety of the people of the State of Colorado would be enhanced by the expeditious handling of liability claims. The General Assembly further declares that *the handling of such claims would be expedited if voluntary payment by one person, or on his behalf to an injured person, could not be construed as an admission of fault or liability as to any claim arising out of the same occurrence.*" (emphasis added)

The clear intent of the General Assembly is to hold blameless the settling party for additional claims from the same incident. Here, we have a pre-existing condition from the first accident which is arguably indivisible from the injuries received in the second accident. Defendant would have us hold the settling party responsible for a portion of its judgment.

The jury found the defendant liable for the full amount, and we, therefore, find error in the court's deduction before awarding interest and treble damages. By deducting the settled amount before calculating interest and damages, the trial court is saying, in essence, that the $3,957.74 was promptly paid. That was not the jury's verdict. The jury was instructed, without objection, that if it could not separate the damages of the two accidents, the defendant was responsible for the entire amount of unpaid expenses. The jury so found.

 The interest and treble damages thus should not be figured on the net amount of the setoff. The setoff applies only to the actual damages. To do otherwise would be contrary to the plain language and the intent of the statute.

The judgment is affirmed as to liability, but reversed as to amount and the cause is remanded with directions to recalculate damages in a manner consistent with this opinion.

TURSI and FISCHBACH, JJ., concur.